# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK RIVERA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-1023 |
| | ) Judge McVerry |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) Magistrate Judge Bissoon |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (Doc. 48) be denied.

### II. REPORT

Frank Rivera presently is incarcerated at the State Correctional Institution at Greene, located in Waynesburg, Pennsylvania. Rivera alleges in his Complaint that he has been denied adequate medical treatment for a skin fungus and a digestive condition. He also alleges that his grievances concerning this alleged lack of medical treatment have been mishandled and/or ignored.

Rivera has filed Declaration in Support of a Preliminary Injunction (Doc. 48) which the Court will treat as a Motion for a Preliminary Injunction. Plaintiff alleges that he has been denied prescribed medicines on several occasions (the Court assumes Plaintiff is referring to medications for his skin fungus or his "digestive condition"). He also asserts that he has been denied mail service, a pair of boots during winter and an outdoor exercise period. Plaintiff later filed a Motion for Hearing on Preliminary Injunction (Doc. 51) in which he asserts that he was

1

assaulted by guards three times in the last year, and that he has been subjected to retaliatory and false misconduct reports. Rivera specifically complains of an incident that occurred on December 22, 2008, when he alleges he was assaulted by prison guards.

Defendants have responded (Docs. 53 and 55). The Department of Corrections Defendants[1] have provided their version of events in an affidavit from Victor J. Santoyo, Security Lieutenant at SCI Greene, who investigated the December 22, 2008 incident. Lt. Santoyo's investigation revealed that Plaintiff became unruly while being escorted to a disciplinary hearing, and that an "unplanned use of force" in the nature of holding Plaintiff face-down on the ground was necessary to maintain security and to obtain Plaintiff's cooperation (Doc. 55, Ex. 1). This was repeated after Plaintiff was taken to his cell, and he again became unruly. Plaintiff suffered "minor injuries" in the nature of a few minor lacerations and areas of redness on his skin.

In determining whether injunctive relief is warranted, a court must consider: (1) whether movant has shown a reasonable probability of success on the merits; (2) whether movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Bieros v. Nicola, 857 F.Supp. 445 (E.D.Pa.1994). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis added).

With respect to the "irreparable harm" prong, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is

---

[1] The Department of Corrections Defendants are Defendants Beard, Folino, Watson, Mark, Davis, Dupont, Pahler, Eagle, Gifford, Tiberi, McAnany, Getty, and the Program Review Committee.

irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup Co. v. Conagra, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted, emphasis added); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir.2000) (harm may not be speculative).

Initially, Plaintiff's complaints concerning footwear, the denial of medications on a handful of occasions for unspecified medical conditions, and the denial of outdoor exercise and mail service do not meet the standard for preliminary injunctive relief. Plaintiff has not alleged any harm from these purported wrongs, much less harm which is irreparable.

Further, with respect to the December 22, 2008 incident, the mere fact that Plaintiff has been subjected to a use of force by prison officials is not sufficient to warrant injunctive relief. First, prison officials are entitled to use force to maintain discipline, and that appears to be what happened here. Second, even if Plaintiff is able to establish that the use of force in this instance was unjustifiable, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). Thus, Plaintiff is not likely to succeed on the merits of his claim. And, finally, even if he could succeed in establishing an underlying constitutional violation, he still has failed to allege immediate irreparable harm sufficient to warrant injunctive relief.

The lack of any allegation of irreparable harm also defeats Plaintiff's claim that he has been subjected to false misconduct reports.

Plaintiff's Motion for Preliminary Injunction (Doc. 48) should, therefore, be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 13, 2009.

March 25, 2009                    s/Cathy Bissoon
                                  CATHY BISSOON
                                  UNITED STATE MAGISTRATE JUDGE

**Cc:**
FRANK RIVERA
FK-9345
SCI Greene
175 Progress Drive
Waynesburg, PA 15370