# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1023 |
| ) | Judge McVerry |
| PENNSYLVANIA DEPARTMENT OF ) | Magistrate Judge Bissoon |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motions to Dismiss (Docs. 30, 34 and 60) filed by all served Defendants be granted, and that the two Doe Defendants be dismissed *sua sponte*.

### II. REPORT

Frank Rivera presently is incarcerated at the State Correctional Institution at Greene, ("SCI-Greene") located in Waynesburg, Pennsylvania. Rivera alleges in his Complaint that he was denied adequate medical treatment for a skin fungus and a digestive condition from June 7, 2007, through October 5, 2007, by various Pennsylvania Department of Corrections ("DOC") employees. He also alleges that his grievances concerning the alleged lack of medical treatment were mishandled and/or ignored, and that he was issued a fabricated Misconduct in retaliation for filing grievances. All Defendants, save the two Doe Defendants who have not yet been served, have moved to dismiss the Complaint (Docs. 30, 34 and 60).

Defendants each assert that Plaintiff failed to exhaust administrative remedies with respect to his claims. Under the Prisoner Litigation Reform Act ("PLRA"), the mandatory exhaustion requirement requires the following:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). Before filing a civil action, a plaintiff-inmate **must** exhaust his administrative remedies. Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000), cert. granted, 531 U.S. 956 (2000), aff'd, 532 U.S. 731, (2001). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)(citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000)).

The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). This is the functional equivalent of the procedural default requirement in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004). While a prisoner must comply with prison procedures, "compliance with the administrative remedy scheme will be satisfactory if it is substantial." Id., 204 F.3d at 77-78.

The Pennsylvania DOC Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: (1) the initial grievance is submitted to the Facility Grievance Coordinator; (2) an intermediate level of appeal lies to the Facility Manager; and (3) a final appeal must be sent to the Secretary's Office of Inmate Grievances and Appeals.

Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. See also Booth v. Churner, 206 F.3d 289, 293 n. 2 (3d Cir.2000) (outlining the grievance review process). DOC regulations provide for other avenues of appeal from Inmate Discipline and Administrative Custody (misconduct) proceedings, with similar requirements. Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 §VI(H)(indicating the review of Inmate Discipline is governed by DC-ADM 801, and Administrative Custody by DC-ADM 802).

In this case, Rivera has attached to his Complaint the grievances he filed, as well as the administrative responses and his attempts to appeal. On September 21, 2007, Plaintiff filed Grievance No. 201546 complaining about the lack of treatment for his stomach pain and skin fungus since June 7, 2007 (Doc. 6, p. 34). The grievance was returned to Plaintiff on September 25, 2007, with a form response indicating it was "being returned" because of a failure to comply with DC-ADM 804. More specifically, Plaintiff was informed that "the grievance exceeded the two (2) page limit. Description needs to be brief." (Doc. 6, p. 42). Plaintiff did not resubmit the grievance. Instead, he appealed to Superintendent Folino on September 26, 2007, and argued that the page limit was "invalid." (Id., pp. 43-45). Superintendent Folino denied the appeal on October 2, 2007, and indicated that he agreed with the decision to reject Grievance No. 201546 (Id., p. 46). Plaintiff filed a final appeal October 7, 2007, and again argued that the page limit is invalid (Id., pp. 47-49). The appeal was dismissed on October 26, 2007, on the basis that the grievance failed to comply with the page limit (Id., p. 46).

Plaintiff also filed Grievance No. 202231 on September 29, 2007, complaining that he had been prescribed treatment and a blood test on September 24, 2007, but had been denied both through September 29, 2007 (Doc. 6, pp. 54-56). On October 2, 2007, the grievance was

returned to Plaintiff for failure to comply with the page limit (Id., p. 59). Again, Plaintiff did not resubmit his grievance, but instead appealed and asserted only that the page limit is invalid (Id., pp. 60-61, 63-65). The appeal was denied by the Superintendent and at final review on the basis that the grievance was properly rejected as being too lengthy (Id., pp. 62, 66).

Plaintiff has also attached to his Complaint documents relating to a misconduct he was issued on October 2, 2007. Misconduct No. A256160 was issued by C. O. Pahler who accused Plaintiff of threatening him with bodily harm after an argument about whether Pahler "screwed [Plaintiff] over for sickcall" on October 1, 2007 (Doc. 6, p. 69). This Misconduct, and the discipline given to Plaintiff, forms the basis of some of the claims in the Complaint. Plaintiff was found guilty of threatening Pahler and was given 45 days disciplinary custody (Id., p. 74). Plaintiff appealed, but the appeal was rejected because he failed to comply with the two page limit (Id., p. 81). The Program Review Committee ("PRC") directed Plaintiff to "resubmit his appeal" after conforming it to the two page limit (Id.). Plaintiff did not resubmit his appeal, but instead sent a letter to the Superintendent, who informed Plaintiff that he needed to "appeal to PRC first" (Id., p. 82). Plaintiff next attempted a final review to the Chief Hearing Examiner asserting that the page limit was an invalid basis to reject his appeal (Id., p. 83). The Chief Hearing Examiner informed Plaintiff that he had not filed an appropriate appeal with the Superintendent, and, therefore, was not entitled to final review (Id., p. 84).

There is no dispute that Plaintiff's grievances were rejected because Plaintiff failed to comply with the DOC requirement that his description of facts not exceed two pages. Plaintiff appealed the rejection of each of his grievances through the administrative process and argued, as he does here, that the two-page limitation is a violation of his First Amendment rights, and is

invalid. These appeals were denied, and the page limitation was upheld. Thus, the merits of Plaintiff's grievances were not addressed during the administrative appeal process.

In the same fashion, Rivera attempted an appeal from the misconduct proceeding, but it was returned to him with instructions to re-file it after complying with the page limitation. Again, Plaintiff made no attempt to re-file the appeal, but instead challenged the page limitation, and was informed that he had not properly presented his claims for review on appeal.

As noted above, the failure to comply with a prison's procedural rules for filing administrative appeals results in a procedural default barring claims in federal court. <u>Spruill</u>, <u>supra</u>. Plaintiff argues that he has exhausted administrative remedies (i.e., that he has "substantially complied"), or, in the alternative, that the page limitation on grievances and misconduct appeals is invalid.

The United States Court of Appeals for the Third Circuit has not spelled out in detail what constitutes "substantial compliance" with the administrative procedures process sufficient to warrant a finding that proper exhaustion has occurred in the prison context. However, in <u>Keys v. Craig</u>, 160 Fed. Appx. 125 (3d Cir. 2005), the Court found that a prisoner whose administrative appeal was not acted upon because he failed to attach the required documentation had not "substantially complied" with the grievance procedures when he filed the documents late and with the wrong party. Notably, the Court stated that "[the Plaintiff's] failure **to even attempt compliance** with the grievance procedures cannot be sufficiently substantial to act as an excuse." <u>Keys</u>, 160 Fed.Appx. at 126 (emphasis added). In <u>Nickens v. Department of Corrections,</u> 277 Fed.Appx. 148 (3d Cir. 2008), the Court of Appeals for the Third Circuit held that substantial compliance had not occurred where an appeal was not properly labeled as an appeal, and where it also was untimely.

5

District Courts have held that "misfiling a grievance without ever following up or inquiring as to its status cannot be considered 'substantial [compliance].' " Naranjo v. Brooks, 2009 WL 792335, at *4 n. 8 (E.D.Pa. Mar. 25, 2009). Also, in a case which most closely resembles the factual scenario here, Lee v. Lindsey, 2009 WL 1076390 (M.D.Pa., 2009), the prisoner was found not to have substantially complied with the United States Bureau of Prisons' administrative procedure where he failed to file a grievance on the proper form, was told of this defect, and failed to timely submit an amended grievance. The same result applies here.

Plaintiff was told that he had failed to comply with the page limitation, and that the grievances were being returned. Rather than attempt to comply with the regulation and file the grievances again, Plaintiff contented himself with challenging the page limitation itself. Plaintiff did the same thing when told his misconduct appeal was being rejected, but that he could re-file it once he conformed to the page limitation. Notably, Plaintiff does not argue that he would have been unable to conform his grievances or his misconduct appeal to the two-page limit. Instead, he simply believes that any limitation on the length of his submissions is invalid.

First, in light of Lee and Naranjo, there is little doubt that Plaintiff's failure to even attempt to comply with the page limitation is a sufficient basis for determining that Plaintiff failed to "substantially comply" with the DOC's administrative appeals process. Second, Plaintiff's argument that his rights were somehow violated by the enforcement of the page limitation is simply wrong. A page limitation is as legitimate a requirement as is the proper place to file a grievance (Naranjo) or the proper form to use in filing an appeal (Lee). Indeed, courts routinely limit pleadings to concise statements of only relevant facts and often have page limitations. A review of the grievances and the misconduct appeal in this case also makes clear that Plaintiff could have conformed the matters to the appropriate regulations, but he simply

refused to do so. The Court will not find substantial compliance where no attempt has been made to comply with the relevant requirement.

Plaintiff has not exhausted administrative remedies with respect to any of his claims, and this is apparent from a review of the Complaint and the exhibits attached to it. Hence, Defendants' Motions to Dismiss should be granted. Defendants John and Jane Doe should be dismissed *sua sponte* for the same reason, and for the additional reason that they have not been served with process. Fed.R.Civ.P. 4(m).

### III. CONCLUSION

It is respectfully recommended that Defendants' Motions to Dismiss (Docs. 30, 34 and 60) be granted, and that the claims against Defendant John and Jane Doe be dismissed *sua sponte*.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 22, 2009.


June 3, 2009                            s/Cathy Bissoon
                                                   CATHY BISSOON
                                                   UNITED STATE MAGISTRATE JUDGE


**Cc:**
FRANK RIVERA
FK-9345
SCI Greene
175 Progress Drive
Waynesburg, PA 15370